THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELDORADO BROWN,

                Plaintiff,

   v.

CITY OF SEATTLE, *et al.*,

                Defendants.

CASE NO. C25-2579-JCC

ORDER

This matter comes before the Court on Defendants City of Seattle and its Police Officer Andonis Tapacio's ("City Defendants") motion to dismiss (Dkt. No. 13). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion and DISMISSES claims against each as explained herein.

I.     **BACKGROUND**

The motion follows Plaintiff's Amended Complaint, where he alleges that, while suffering a mental health crisis, he entered an Embassy Suites hotel in Seattle, asked staff to call the City's emergency crisis responders, and then locked himself into one of the hotel's rooms. (*See* Dkt. No. 8 at 7–9.) The hotel, rather than call the 988 hotline as Plaintiff had hoped, called 911 emergency response. (*Id.*) Responding police arrived and attempted to access the room using a hotel master key but were unsuccessful. (*Id.*) Nevertheless, their effort to access the room exacerbated Plaintiff's mental health episode. (*Id.*) In response, Plaintiff fled the hotel. (*Id.*) He

ORDER
C25-2579-JCC
PAGE - 1

was apprehended at some point thereafter[1] and charged with malicious mischief and burglary. (*Id.* at 10.)

Plaintiff argues that he suffers from a bona fide mental health disability at the time and that all of this could have been avoided through a reasonable accommodation: if the hotel and/or responding police had simply involved the City's crisis responders rather than law enforcement. (*Id.*) Because they collectively failed to do so, the complaint asserts two claims against the City, Officer Tapacio, Embassy Suites Hotel, and King County: an American with Disabilities ("ADA") Title II violation and simple negligence. (*Id.* at 15–18.)

The City Defendants move to dismiss pursuant to Rule 12(b)(6). (Dkt. No. 13.) They contend that Plaintiff fails to state an ADA claim, largely because the disability accommodation he seeks was not required, given the facts as pleaded. (*See id.* at 4–7.) They further contend that Plaintiff's negligence claim fails as to the City because he did not properly exhaust his tort claim pursuant to state law and even if he had, it is implausibly alleged as to each of the City Defendants. (*See id.* at 7–11.)

## II.    DISCUSSION

### A.    City Defendants' Rule 12(b)(6) Motion

A defendant may move for dismissal when a complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In so assessing such a motion, conclusory allegations of law and unwarranted

---

[1] According to Plaintiff's original complaint, after leaving the hotel, he climbed the fence to the adjacent "Lumen/Seahawks Field," and then called 988 and 911 himself. (Dkt. No. 1-6 at 3.) Responding officers arrested him, resulting in felony charges. (*Id.*) These allegations were stricken from the Amended Complaint, creating a logical and temporal gap in the instant account (namely between when the police attempted to gain entry to the hotel room and their arrest of Plaintiff). The Court ignores that gap for purposes of Defendants' motions, in accordance with the directive to hold *pro se* plaintiffs to less stringent pleading standards and liberally construe their complaint(s) in a light most favorable. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

ORDER
C25-2579-JCC
PAGE - 2

inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

1.   ADA Violation[2]

Plaintiff asserts that the City Defendants were obligated to provide emergency crisis services in response to his mental health disability. (*See* Dkt. No. 8 at 16.) Instead, says Plaintiff, they "criminaliz[ed] behavior caused by his disability" and failed to reasonably modify their law enforcement procedures to accommodate Plaintiff's disability. (*See id.* at 17.) But Plaintiff provides the Court with no authority (nor is it aware of any) for the proposition that a crisis response team is, as a matter of law, a necessary and reasonable accommodation to an individual suffering mental illness while trespassing at a hotel. (*See generally* Dkt. Nos. 8, 25.) Rather, this is a crime. *See, e.g.*, RCW 9A.52.070. And a crime can *never* be absolved by an ADA accommodation requirement. *See Ivchenko v. City of Scottsdale*, 2021 WL 4739642, slip op. 2 (9th Cir. 2021); *see also Conley v. City of Eugene*, 2025 WL 1549188, slip op. at 12 (D. Or. 2025) (a claim for wrongful arrest based on disability discrimination fails as a matter of law where the underlying conduct is unlawful, even if tangentially related to the plaintiff's disability). Thus, Plaintiff fails to plausibly plead an ADA violation by the City Defendants.

//

//

//

---

[2] ADA Title II provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination." *See* 29 U.S.C. § 794. To prove an ADA violation, a "plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a pubic entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability". *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). To recover monetary damages for an ADA violation (like those sought here), at a minimum, a plaintiff must establish deliberate indifference on the part of the alleged violator. *Memmer v. Marin Cnty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999).[2] That being said, an accommodation is never reasonable if it "fundamentally alter[s] the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

ORDER
C25-2579-JCC
PAGE - 3

### 2. Negligence[3]

Plaintiff also asserts that the City Defendants failed to take "reasonable precautions to protect foreseeable dangers," namely, that they knew about Plaintiff's mental health crisis and had a duty to take these reasonable precautions. (*See* Dkt. No. 8 at 18.) As a starting point, though, before bringing a negligence claim against a municipality such as the City, Plaintiff had to submit a Tort Claim Form within the applicable period of limitations. *See* RCW 4.96.020; *Hanson v. Carmona*, 525 P.3d 940, 955 (Wash. 2023). While Plaintiff alleges that he did so as to the King County defendant, he makes no such allegation as to the City. (*See* Dkt. No. 8 at 3). Thus, he fails to plead compliance with the City's tort claim requirements. This does not apply to Officer Tapacio, though. But nothing in Plaintiff's complaint describes *any* conduct from Officer Tapacio. Thus, it cannot support the notion that the officer had a duty to Plaintiff or that he violated that duty. Thus, Plaintiff fails to plausibly plead a negligence claim against the City Defendants.

## III.    CONCLUSION

For the foregoing reasons, the City Defendants' motion to dismiss (Dkt. No. 13) is GRANTED in part. Plaintiff's claims against the City and Officer Tapacio are DISMISSED with prejudice.

//

//

//

---

[3] For a negligence claim, a plaintiff must show the following: (1) the existence of a duty to the plaintiff; (2) a breach of that duty; (3) an injury; and (4) the breach as the proximate cause of the injury. *N.L. v. Bethel Sch. Dist.*, 378 P.3d 162, 165 (Wash. 2016). At issue in this case, then, is what duty Officer Tapacio might have owed to Plaintiff. A police officer "owes a legal duty to exercise reasonable care when engaging in affirmative conduct toward others, whether they be crime victims or individual suspected of committing crimes." *Watness v. City of Seattle*, 481 P.3d 570, 578 (Wash. Ct. App. 2021). But Washington courts are clear—that duty is highly circumscribed when investigating alleged criminal conduct. *See, e.g.*, *Laymon v. Washington State Dept. of Nat. Resources*, 994 P.2d 232, 239 (Wash. Ct. App. 2000); *Fondren v. Klickitat Cnty.*, 905 P.2d 928, 934 (Wash. Ct. App. 1995).

ORDER
C25-2579-JCC
PAGE - 4

DATED this 13th day of March 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE