THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELDORADO BROWN, | CASE NO. C25-2579-JCC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SEATTLE, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Embassy Suite's motion to dismiss (Dkt. No. 28) and Defendant King County's motion for judgment on the pleadings (Dkt. No. 41). Having thoroughly considered the briefing and the relevant record, the Court GRANTS each motion and DISMISSES claims against these Defendants as explained herein.

This is a prisoner civil rights case. Plaintiff takes issue with the circumstances of his arrest. (*See generally* Dkt. No. 8.) The Court described the allegations in a prior order. (*See* Dkt. No. 32.) It will not repeat that information here.

Defendant "Embassy Suite" now seeks dismissal pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6). (*See generally* Dkt. No. 28.) Because service of process is foundational, *see Crowley v. Bannister*, 734 F.3d 967, 974 (9th Cir. 2013), the Court will address the portion of the motion brought under Rules 12(b)(4) and 12(b)(5) first. While similar, the rules are distinct. Rule 12(b)(4) allows a party to seek dismissal based on insufficient *process*. Fed. R. Civ. P. 12(b)(4).

ORDER
C25-2579-JCC
PAGE - 1

While Rule 12(b)(5) allows for dismissal based on inadequate *service* of process. Fed. R. Civ. P. 12(b)(5); *see United States v. Hafner*, 421 F. Supp. 2d 1220, 1223 n. 3 (D.N.D.) (comparing the two). "Embassy Suite" contends there is no such legal entity. (Dkt. No. 28 at 1–2.) For this reason, any attempted service of process on it would be ineffective. (*Id.*) Plaintiff neither lodged a brief in opposition (amounting to a concession that the motion has merit), nor did he independently provide the Court with the required affidavit of service. *See* Fed. R. Civ. P. 4(l); LCR 7(b)(2). Thus, the Court must, indeed, find service and/or process inadequate. Accordingly, claims against "Embassy Suite" shall be DISMISSED without prejudice.

Whereas Defendant King County moves for a judgment on the pleadings pursuant to Rule 12(c). (*See generally* Dkt. No. 41.) This "faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). "[J]udgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996).[1] The County contends that it is entitled to judgment here because, even though Plaintiff named it as a defendant, no allegations in the amended complaint mention *any* conduct on the part of the County or its agents. (*See* Dkt. No. 41 at 3–4.) Thus, it fails to state a claim against the County. (*Id.*) The Court agrees—the complaint is devoid of allegations which, even liberally construed, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (instructing the Court to liberally construe pro se filings), could implicate the County. (*See generally* Dkt. No. 8.) Thus, claims against the County shall be DISMISSED with prejudice.

For the foregoing reasons, Embassy Suite's motion to dismiss (Dkt. No. 28) is

---

[1] While the Court accepts all factual allegations in the complaint when considering a Rule 12(c) motion, the Court "need not accept as true a legal conclusion presented as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this pleading standard does not require detailed factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). After disregarding any "formulaic recitation of the elements of a cause of action," the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

GRANTED in part and claims against it are DISMISSED without prejudice. While King County's motion for judgment on the pleadings (Dkt. No. 41) is GRANTED in full and claims against it are DISMISSED with prejudice.[2]

The Clerk is DIRECTED to close this case and terminate all remaining motions.

So DATED this 20th day of April 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Given the apparent futility of further amendment, *see Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (articulating the standard for granting leave to amend), the Court DENIES Plaintiff leave to do so.

ORDER
C25-2579-JCC
PAGE - 3